*LAW OFFICES OF CIVARDI & OBIOL, P.C.*
*Attorneys for Plaintiffs*
*23 South Main Street, Suite 30*
*Freeport, New York 11520*
*(516) 678-9797*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
WILLIAM CARDOZA,

                             Plaintiff,

             -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JOSEPH  STROESSENREUTHER
and  POLICE OFFICER JAMES SPORING,

                       Defendants.
-----------------------------------------------------------------------------------X

*Civil Action #:*

**COMPLAINT**

      Plaintiff, WILLIAM CARDOZA as and for his Complaint, by his attorneys, LAW OFFICES OF CIVARDI & OBIOL, P.C., respectfully alleges as follows:

## **INTRODUCTION**

    1.    Plaintiff brings this action to redress violations by defendants of plaintiff's rights under the Constitutional Laws and of the United States of America and the State of New York.

    2.    This is an action pursuant to 42 USC §1983 to redress the deprivation under the color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to William Cardoza by the First, Fourth, Eight and Fourteenth Amendments to the Constitution of the United States; namely the rights to:

        a)    Freedom from unreasonable seizure;

        b)    Freedom from excessive force and physical abuse;

1

and for redress of violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for assault, battery, false arrest, false imprisonment, negligence and pain and suffering.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, WILLIAM CARDOZA, is an adult citizen who resides at 298 North Atlanta Avenue, Massapequa, New York 11758. He is 5 feet 7 inches tall and weighs approximately 140 pounds.

4.      At all times hereinafter mentioned, defendant COUNTY OF NASSAU was and is a municipal corporation and a County of the State of New York.

5.      At all times hereinafter mentioned defendants, OFFICER JOSEPH STROESSENREUTHER and OFFICER JAMES SPORING and other NASSAU COUNTY POLICE OFFICERS whose names are currently unknown and employees, agents, and servants of NASSAU COUNTY POLICE DEPARTMENT, were acting under color of law.

6.      At all times hereinafter mentioned, NASSAU COUNTY POLICE DEPARTMENT was and is a department of, and maintained by defendant, NASSAU COUNTY.

7.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 which confers original jurisdiction upon the District Courts in all civil actions arising under the Constitution, laws or treaties of the United States; §1343, which confers original jurisdiction upon the District Courts in all civil actions to redress the deprivation under color of any State law and statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States; and 42 U.S.C. §1983 which confers original jurisdiction upon the District Courts in all civil actions brought for its enforcement.

8. Venue is properly laid, pursuant to 28 U.S.C. §1391, et seq. in the Eastern District of New York where the events and violations complained of occurred.

9. Plaintiff invokes the supplemental jurisdiction of this Court in connection with the pendent state claims pursuant to 28 USC §1367 as they form part of the same case and controversy presented in the Federal claims.

10. That on or about November 10, 2018, Notice of Claim pursuant to §50 (e) of the New York State General Municipal Law was served on the Nassau County Attorney and the Nassau County Police Department. A 50H hearing was conducted on April 16, 2019.

11. More than thirty (30) days have elapsed since the service of Notice of Claim and adjustment or payment of plaintiffs' claims has been neglected or refused.

## FACTUAL BACKGROUND

12. On November 10, 2018 Plaintiff went to the Nutty Irishman Bar on Main Street in Farmingdale.

13. Upon leaving the premises he was unlawfully arrested, punched, kicked, and tasered multiple times by Defendants and other officers whose names are unknown.

14. Plaintiff William Cardoza lived at his stated address, was gainfully employed and has no prior contact with the police or criminal justice system.

15. In the course of this assault, Plaintiff suffered fractures to his nose and face and will require future surgery.

16. Plaintiff, William Cardoza was detained at the Nassau County Medical Center, a police precinct and Nassau County jail before being released after posting $2,500.00 bail at his arraignment on November 11, 2018.

17.     As a result of the assault by these Defendants, Plaintiff was arrested and charged with Felony assault, Resisting Arrest and Obstruction of Governmental Administration as Misdemeanors. Criminal Charges were later dismissed on the motion of the District Attorney.

18.     As a result of the assault and violation of Constitutional Rights by these Defendants, Plaintiff William Cardoza suffered injury to his nose, face and body. He is also left with permanent disfigurement of his nose as a result of the assault.

## AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS – 42 USC §1983

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "18" inclusive with the same force and effect as if fully set forth at length herein.

20.     That the acts of the defendants, OFFICER JOSEPH STROESSENREUTHER and OFFICER JAMES SPORING and other NASSAU COUNTY POLICE OFFICERS Whose Names Are Currently Unknown were performed under color of state law as described herein, constituting excessive use of force and denial of proper medical care in violation of plaintiffs Civil Rights under the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §1983.

21.     That said acts were unlawful and performed without any justification in law whatsoever.

22.     As a result of the foregoing, plaintiffs suffered serious injuries including:

      a)     Violation of their Constitutional Rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution as follows:

      b)     Unreasonable seizure;

4

c) Excessive force and physical abuse;

d) Cruel and unusual punishment;

e) Violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for assault, battery, false arrest, a malicious prosecution, false imprisonment, negligence and conscious pain and suffering; and

f) Severe pain and suffering, extreme fear, emotional trauma, and denial of prompt and adequate medical treatment.

23. As a direct and proximate result of the aforesaid acts of the defendants, plaintiff William Cardoza suffered psychological and economic injuries and damages that will continue into the future.

24. As a direct and proximate result of the said acts of the defendants, plaintiff William Cardoza suffered a violation of liberty and privacy interest without due process of law under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

25. The action of the defendants Officers, and other Police Officers who are currently unknown violated clearly established and well settled Federal Constitutional Rights of the plaintiff William Cardoza.

26. By reason of the foregoing, plaintiff has been damaged in the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS plus attorneys fees authorized pursuant to 42 USC §1988.

## AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS AGAINST THE COUNTY OF NASSAU– 42 USC §1983 MONELL CLAIM

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" inclusive with the same force and effect as if fully set forth at

length herein.

28.     That prior to November 10, 2018, the County of Nassau developed and maintained policies and customs exhibiting deliberate indifference to the Constitutional Rights of the citizens of the State of New York who were in the custody of the Nassau County Police Department which precipitated the violations of plaintiff William Cardoza's Constitutional rights.

29.     That the COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT failed to properly train, update, and caution its Police Officers in the proper and reasonable use of force.

30.     That it was the policy and/or custom of the COUNTY OF NASSAU to inadequately and improperly investigate claims of injury and acts of negligence and/or misconduct and were instead tolerated by the COUNTY OF NASSAU.

31.     That it was the policy and/or custom of the COUNTY OF NASSAU to indemnify and defend its officers, including indemnification for awards for punitive damages, without discipline all of which establish the policy and custom of approving such conduct by giving the officers the unmistakable belief that such conduct was tolerated, approved, and accepted.

32.     It was the policy and/or custom of the COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT to inadequately supervise, discipline and train its police officers, particularly but not limited to the proper use of force, including the defendant officers, thereby failing to adequately discourage further Constitutional violations on the part of its police officers.

33.     That the action of the defendants, NASSAU COUNTY POLICE OFFICERS resulted from and were taken pursuant to a *de facto* policy of the defendant, COUNTY OF NASSAU and

6

NASSAU COUNTY POLICE DEPARTMENT to protect acts of misconduct on the part of its police officers, to wit, the use of excessive force; failing to discipline; and failing to provide prompt medical attention following serious and obvious injuries.

34.     Despite the knowledge of unconstitutional policies and practices, the supervisors making policy for the employees of the COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT have not as a matter of policy taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individual officers who engaged in said practices, have not effectively trained police officers with regard to proper constitutional statutory limits on the exercise of their authority and/or failure to act following injury to arrestees and have instead sanctioned the policies and practices described previously through their deliberate indifference to the effect of such policy and practices upon the Constitutional Rights of the plaintiffs herein and the residents and visitors to the COUNTY OF NASSAU, thereby authorizing and sanctioning such policies and practices.

35.     The defendants, COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, having sanctioned the causes of the violation of plaintiff's rights are liable to the plaintiff for injuries pursuant to 42 U.S.C. §1983, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

36.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed TWO MILLION 00/100 ($2,000,000.00) DOLLARS plus attorney's fees authorized pursuant to Federal statute.

**AS AND FOR A THIRD CLAIM FOR RELIEF FOR PENDENT CLAIMS FOR RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE AGAINST NASSAU COUNTY AND NASSAU COUNTY POLICE DEPARTMENT**

7

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

38.     These defendants have a duty to make sure that their fellow Police officers and supervisors do not violate their duty to report crimes and misconduct by fellow Police Officers.

39.     The defendants have been reckless, grossly negligent and negligent in the instruction and training they provide to their members with respect to their responsibilities to report crimes, misconduct or the excessive use of force by other Police Officers.

40.     The defendants knew or should have known that their policies and practices have contributed to improper concealment of admissions by Police Officers to their superiors, and a "code of silence" being followed by Police Officers to cover up crimes and misconduct.

41.     The defendants knew or should have known that their policies and practices as well as their grossly negligent and negligent supervision and training of their Police Officers created an atmosphere where officers felt assured that they could utilize excessive forces in situations that they were not warranted.

42.     The mistreatment to Plaintiff William Cardoza previously set forth, and denial of adequate medical treatment were reasonably foreseeable results of defendants' negligent conduct.

43.     As a consequence, William Cardoza suffered severe physical and mental injuries which plaintiffs have suffered damage as set forth above.

44.     By reason of the foregoing plaintiff has been damaged in a sum not to exceed TWO MILLION 00/100 ($2,000,000.00) DOLLARS.

## *AS AND FOR A FOURTH CLAIM FOR RELIEF FOR RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE*

45.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" inclusive with the same force and effect as if fully set forth at length herein.

46.    The defendants, OFFICER JOSEPH STROESSENREUTHER and OFFICER JAMES SPORING and other NASSAU COUNTY POLICE OFFICERS whose names are currently unknown and NASSAU COUNTY POLICE DEPARTMENT had the duty to use the minimal amount of force necessary in the care and custody of the plaintiffs.

47.    The defendants, OFFICER JOSEPH STROESSENREUTHER and OFFICER JAMES SPORING and other NASSAU COUNTY POLICE OFFICERS whose names are currently unknown and NASSAU COUNTY POLICE DEPARTMENT were reckless, grossly negligent and negligent in:

        a)      The failure to provide prompt medical care to the plaintiff;

        b)      The use of force on the plaintiff; and

        c)      And were in other ways reckless, grossly negligent and negligent.

48.    As a result, plaintiff has suffered injuries as aforestated.

49.    By reason of the foregoing plaintiffs have been damaged in a sum not to exceed TWO MILLION 00/100 ($2,000,000.00) DOLLARS.

## *AS AND FOR A FIFTH CLAIM FOR RELIEF FOR RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE*

50.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" inclusive with the same force and effect as if fully set forth at length

herein.

51. By reason of the foregoing, defendants are liable to the plaintiffs for negligent grossly negligent and reckless screening, hiring, training, discipline and retention of defendants.

52. As a consequence, plaintiff suffered damages as set forth above.

53. By reason of the foregoing plaintiff has been damaged in a sum not to exceed TWO MILLION 00/100 ($2,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CLAIM FOR RELIEF FOR PENDENT CLAIMS OF ASSAULT AND BATTERY, FALSE ARREST , FALSE IMPRISONMENT and MALICIOUS PROSECUTION

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" inclusive with the same force and effect as if fully set forth at length herein.

55. By their actions, as set forth, defendants committed brazen acts of battery against Plaintiff which included upon information and belief, placing him in fear of imminent, harmful physical contact; excessive physical force; excessive use of implements; striking with hands, fists feet, utilizing a taser multiple times. In the course of these events, plaintiff was falsely arrested without cause and falsely imprisoned. This use of physical force against plaintiff was unreasonable and excessive.

56. The COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT are responsible for the excessive and unnecessary physical use of force by the defendant Police Officers because it occurred while they were acting in the scope of their employment.

57. As a result of the assault, battery, false arrest, false imprisonment, malicious prosecution excessive and unnecessary physical force used against him, plaintiff suffered severe

10

serious pecuniary physical and mental injuries and plaintiff has been damaged as set forth above.

58.     By reason of the foregoing plaintiff has been damaged in a sum not to exceed
TWO MILLION 00/100 ($2,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF - PENDENT CLAIM – RESPONDEAT SUPERIOR

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs "1" through "58" inclusive with the same force and effect as if fully set forth at length
herein.

60.     At all times relevant to this Complaint, all defendant employees of the COUNTY
OF NASSAU were acting for, upon and in furtherance of the business of their employer, COUNTY
OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT and within the scope of their
employment.

61.     Consequently, NASSAU COUNTY and NASSAU COUNTY POLICE
DEPARTMENT are liable under the doctrine of Respondeat Superior for their tortious actions.

62.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed
TWO MILLION 00/100 ($2,000,000.00) DOLLARS plus attorneys fees authorized pursuant to
Federal statute.

**WHEREFORE,** plaintiff demands judgment against the defendants as follows:

a)      In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the First
Claim for Relief;

b)      In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the Second
Claim for Relief;

c)   In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the Third

Claim for Relief;

d)   In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the Fourth

Claim for Relief;

e)   In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the Fifth

Claim for Relief;

f)   In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the Sixth

Claim for Relief;

g)   In the sum of TWO MILLION 00/100 ($2,000,000.00) DOLLARS on the Seventh

Claim for Relief;

h)   Punitive damages  of  In the sum of ONE MILLION 00/100 ($1,000,000.00)

DOLLARS.

i)   Costs, disbursements and attorneys fees pursuant to 42 U.S.C. §1988.

Dated: Freeport, New York
April 22, 2019

Yours etc.,

LAW OFFICES OF CIVARDI & OBIOL, P.C.

By: _____
Stephen Civardi, Esq.
Attorneys for Plaintiffs
Freeport Legal Plaza
23 South Main Street Suite 30
Freeport, NY 11520
(516) 678-9797